[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10741
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00004-TFM-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL BUSH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 4, 2019)

Before BRANCH, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Gabriel Bush appeals the 24-month term of imprisonment imposed following the third revocation of his supervised release. On appeal, Bush does not challenge the revocation of his supervised release but argues that his 24-month sentence is procedurally and substantively unreasonable. We disagree and affirm.

I.

In 2013, Bush pleaded guilty to one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(2) (a Class C felony). The district court sentenced him to five years' probation and ordered him to make restitution in the amount of $11,200. Less than four years later, the court found Bush to be in violation of his probation and sentenced him to 3 months' imprisonment followed by 24 months' supervised release. Just over a year after receiving his new sentence, Bush violated the terms of his supervised release again, by testing positive for cocaine, failing to report to his probation officer as required, and purchasing a car with an altered driver's license and failing to return the car once the dealership discovered that he was ineligible for financing. The district court revoked Bush's supervised release and sentenced him to 10 months' imprisonment followed by 23 months' supervised release.

In early 2019, Bush's probation officer filed a petition for an arrest warrant, alleging that Bush had violated his supervised release by (1) testing positive for cocaine five times between October 9, 2018, and January 22, 2019; (2) leaving the

2

judicial district (the southern district of Alabama) without permission; (3) changing his residence without notifying the probation officer; (4) incurring new credit charges without approval; (5) committing a state crime; and (6) failing to pay restitution.

As to the second, fourth, and fifth violations, the petition alleged that Bush had traveled to Ocean Springs, Mississippi, where he and his wife purchased a Dodge Durango, mostly on credit. According to the owner of the car dealership, Bush used the Social Security number of a dead man to obtain the car loan. He also informed the dealership that he received $2,714.96 each month in veterans' benefits, when in fact he received $246 per month. Bush had not made any payments on the car loan since he purchased the Durango two months earlier. When asked about the purchase, Bush told the probation officer that he was just the co-signer. The petition stated that Bush had been charged in Mississippi with the crime of "taking away of a motor vehicle" in connection with his fraudulent loan application and failure to make loan payments.

At the revocation hearing, Bush admitted to all the allegations in the warrant petition, except the allegation that he had been charged with a state crime—he argued that authorities in Mississippi had not actually charged him with a crime, although the investigation report indicated that he would be charged. After hearing testimony from the owners of the car dealership, an officer of the Mississippi

3

police department investigating the alleged crime (who said that he had prepared a warrant for Bush's arrest but was awaiting the outcome of the revocation hearing before serving it), and Bush (who admitted that he had purchased the vehicle jointly with his wife but testified that he had used his business tax identification number, not a false Social Security number, to apply for financing), the district court found that the allegations in the petition were "supported by more than ample evidence" and that Bush had therefore violated the terms and conditions of his supervision. The court revoked Bush's supervised release and imposed a sentence of 24 months' imprisonment—the maximum allowed by law—with no further supervised release to follow.

Before imposing sentence, the district court called the government's witnesses to the jury box and apologized that someone under court supervision had committed another crime that had affected them directly. The court assured them that it took "very seriously" the conditions imposed as part of supervised release and the violation of those conditions.

The court then addressed Bush and told him that it did not credit his testimony that he had not used a false Social Security number on the loan application, but even if his testimony was true, he had still violated the conditions of his release by going to Mississippi and obtaining the car loan. The court explained its 24-month sentence by stating that "I think allowing somebody who

4

has your record to test positive this many times and then engage in further violations, felony violations of the law, it would just be completely irresponsible to not give you the maximum sentence that the law allows." The court further stated that it was "a shame" that state prosecutors sometimes chose not to bring a case against a defendant once his federal supervised release was revoked. The court explained that, by violating the law while he was on supervised release, Bush was "basically spitting on that release and the law again. And those two things ought to be punished separately, in my opinion. And as long as I sit on the bench, they will, when it's a person under my supervision."

The court then stated that it had "considered the chapter seven provisions of the sentencing guidelines, the Sentencing Reform Act of 1984," and the § 3553(a) sentencing factors. The court explained that it considered the applicable Guidelines imprisonment range to be "ineffective to impose the proper amount of punishment." After imposing sentence and hearing Bush's objections, the court further stated that "this was in my opinion an inadequate sentence, but it's all I could do, based on what the law allows. If I could give you more time, I would. I feel, based upon Mr. Bush's sentence, he's been granted too much leniency. Mr. Bush is a man who I don't think the truth is in him and he's somebody who punishment is the only thing the Court can do."

5

Bush now appeals his sentence, arguing that the district court improperly considered retribution, as embodied in 18 U.S.C. § 3553(a)(2)(A), in determining the length of his post-revocation sentence.  He also argues that the court failed to consider his need for drug treatment under 18 U.S.C. § 3553(a)(2)(D).

## II.

We review the sentence imposed by the district court upon the revocation of supervised release for reasonableness, using an abuse-of-discretion standard.  *See United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016) (per curiam); *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  "The party challenging the sentence bears the burden of showing that it is unreasonable." *Trailer*, 827 F.3d at 936.  In reviewing a sentence for reasonableness, we first determine whether the district court committed any significant procedural error— by, for example, considering an improper sentencing factor.  *See Trailer*, 827 F.3d at 936; *Vandergrift*, 754 F.3d at 1308.  Then we review the sentence for substantive reasonableness, "in light of the totality of the circumstances and the § 3553(a) factors."  *Trailer*, 827 F.3d at 936.

## III.

When a term of supervised release is imposed as part of a defendant's sentence, district courts have discretionary authority to terminate, modify, extend, or revoke the term of supervised release, or to impose partial home confinement,

6

under specified circumstances.  *See* 18 U.S.C. § 3583(e).  Before exercising this discretion, courts are required to consider specific § 3553(a) sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the need for deterrence, protection of the public, and correctional treatment, § 3553(a)(2)(B)–(D); the applicable Sentencing Guidelines and policy statements, § 3553(a)(4)–(5); the need to avoid sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims, § 3553(a)(7).  Notably omitted from this list is § 3553(a)(2)(A), which instructs courts initially imposing sentence to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  This Court has not yet decided whether this omission effectively *prohibits* the consideration of that sentencing factor in discretionary revocations, and other circuits are split on the issue.  *See Vandergrift*, 754 F.3d at 1308 (detailing the circuit split and holding that the district court's consideration of the omitted factor was not plain error).  But we need not answer that question today, because the revocation of Bush's supervised release was not discretionary.

Where, as here, a defendant "tests positive for illegal controlled substances more than 3 times over the course of 1 year," the district court "*shall* revoke the term of supervised release and require the defendant to serve a term of imprisonment" within certain statutory limits.  18 U.S.C. § 3583(g)(4) (emphasis

added).  If the offense that resulted in the term of supervised release is a Class C or D felony (as Bush's was), a district court imposing a prison sentence after a mandatory revocation of supervised release may not impose a sentence of more than 24 months' imprisonment.  *See id.* § 3583(g) (cross-referencing 18 U.S.C. § 3583(e)(3)).  The mandatory-revocation section of the supervised release statute does not contain any reference to the § 3553 sentencing factors.  *See generally id.* We have interpreted this distinction to mean that when the mandatory-revocation provisions apply, "the statute does not *require* consideration of the § 3553(a) factors."  *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000) (emphasis in the original) (citation omitted), *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319, 327–28 (2011).  The converse must also be true—that is, the mandatory-revocation statute does not *prohibit* consideration of any of the § 3553(a) factors, either.  Consequently, *if* the district court failed to consider Bush's need for correctional treatment under § 3553(a)(2)(D) or considered the sentencing factors referenced in § 3553(a)(2)(A) in determining the appropriate length of imprisonment, it did not err in doing so.[*]

---

[*] The district court stated that it had considered "the statutory sentencing factors that are set out at 18 U.S. Code section 3553(a)."  And although it indicated that "the proper amount of punishment" was also a consideration, the court made it perfectly clear that its sentence was intended to punish Bush's repeated violations of the conditions of his supervised release, as a separate matter from whether one or more of the violations also constituted a state or federal offense.

8

Furthermore, even assuming that the court considered "the seriousness of the offense" and the need "to promote respect for the law, and to provide just punishment for the offense," and even if that consideration were error, any such error would be harmless because the district court made it clear that it would have imposed the same sentence in the absence of such considerations. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (providing that "in determining whether a remand is required under § 3742(f)(1), a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors"). Specifically, the court stated that given Bush's history of repeated violations and the number of times he had tested positive for cocaine while on release, "it would just be completely irresponsible to not give [him] the maximum sentence that the law allows." And because we conclude, as discussed below, that Bush's 24-month sentence was substantively reasonable, "it would make no sense to set aside this reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006).

## IV.

We review the substantive reasonableness of a sentence for an abuse of discretion, which means that we will reverse only if we are "left with the definite

9

and firm conviction that the district court arrived at a sentence falling outside the range of reasonable sentences." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013).

If the sentence is a variance from the advisory Sentencing Guidelines range, as it is here, the district court must provide a justification that is "sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). In the revocation context, however, the Guidelines "are merely advisory, and it is enough that there is some indication the district court was aware of and considered them." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).

Chapter 7 of the Sentencing Guidelines, which contains policy statements, governs sentencing following violations of supervised release. *See, e.g.,* U.S.S.G. § 7B1.4 (providing recommended ranges of imprisonment applicable upon revocation). Here, the district court specifically stated that it had considered Chapter 7 of the Guidelines, and it explained its upward variance by pointing to Bush's numerous positive drug-test results and repeated violations of the conditions of his supervised release. Given that Bush had not been deterred from violating his supervised release conditions by two previous, shorter terms of imprisonment, and that he continued to engage in fraudulent transactions despite

10

being given second and third chances at supervised release, the district court did not abuse its discretion in imposing the statutory maximum sentence of 24 months' imprisonment.  Bush's sentence is substantively reasonable.

**AFFIRMED.**